```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
EMIL POLLACK,                            :
                                            03 Civ. 4067 (WCC)
            Plaintiff,                   :

      - against -                        :    OPINION
                                               AND ORDER
SAFEWAY STEEL PRODUCTS, INC., MARCH      :
ASSOCIATES, ORANGEBURG HOLDING, LLC and
LOWE'S HOME CENTERS, INC.,               :

            Defendants.                  :
- - - - - - - - - - - - - - - - - - - - X
LOWE'S HOME CENTERS, INC.,               :

            Third-Party Plaintiff,       :

      - against -                        :

CMC CONCRETE MASONRY,                    :

            Third-Party Defendant.       :
- - - - - - - - - - - - - - - - - - - - X
SAFEWAY STEEL PRODUCTS, INC.,            :

            Second Third-Party Plaintiff,:

      - against -                        :

CMC CONCRETE MASONRY,                    :

            Second Third-Party Defendant.:
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

    FELLOWS, HYMOWITZ & EPSTEIN, P.C.
    **Attorneys for Plaintiff**
    254 South Main Street, Suite 400
    New City, New York 10956

STEVEN R. HYMOWITZ, ESQ.

    Of Counsel

**Copies Mailed to Counsel of Record** _____

**A P P E A R A N C E S :   (continued)**

                                            COLUCCI & GALLAHER, P.C.
                                            **Attorneys for Defendant/Second**
                                                **Third-Party Plaintiff**
                                                **Safeway Steel Products, Inc.**
                                            2000 Liberty Building
                                            424 Main Street
                                            Buffalo, New York 14202

TODD C. BUSHWAY, ESQ.

       Of Counsel

                                            LAW OFFICES OF DONALD L. FRUM
                                            **Attorneys for Defendant March**
                                                **Associates, Orangeburg Holding,**
                                                **LLC and Lowe's Home Centers, Inc.**
                                            565 Taxter Road, Suite 150
                                            Elmsford, New York 10523

JUN SATO, ESQ.
PAUL ZILBERFEIN, ESQ.

       Of Counsel

                                            KEANE & BEANE, P.C.
                                            **Attorneys for Third-Party**
                                              **Defendant/Second Third-Party**
                                              **Defendant CMC Concrete Masonry**
                                            445 Hamilton Avenue, 15th Floor
                                            White Plains, New York  10601

JAMES C. BORKOWSKI, ESQ.

       Of Counsel

**CONNER, Senior D.J.:**

Plaintiff Emil Pollack brings this action against defendants Safway Steel Products, Inc., ("Safway"), March Associates ("March"), Orangeburg Holding, LLC ("Orangeburg") and Lowe's Home Centers, Inc. ("Lowe's") (collectively, the "defendants") for violations of New York State Labor Law §§ 240(1), 241(6) and 200, common law negligence and strict products liability.[1]  In addition, both Lowe's and Safway brought third-party actions against CMC Concrete Masonry ("CMC") for contribution and indemnification.  Plaintiff moves for summary judgment pursuant to FED. R. CIV. P. 56 against March, Orangeburg and Lowe's on the claims under §§ 240(1) and 241(6).  March, Orangeburg and Lowe's move for summary judgment on the claims under the Labor Law and common law negligence.  Safway moves for summary judgment on all claims under the Labor Law and common law negligence. March also seeks contractual and common law indemnification against CMC.  For the reasons stated herein, plaintiff's motion for summary judgment on the claims under § 240(1) and § 241(6) against March, Lowe's and Orangeburg is denied.  The motion of March, Lowe's and Orangeburg for summary judgment is denied.  The motion of Safway for summary judgment is granted with respect to the § 200 claim but denied as to the claims under §§ 240(1) and 241(6).  March may seek claims for contractual and common law indemnification; however, to the extent it seeks summary judgment on these claims, this motion is denied.

**BACKGROUND**

The basic underlying facts are uncontroverted.  There are, however, additional facts regarding

---

[1] This action is properly before this Court pursuant to 28 U.S.C. § 1332 since there is an amount in controversy in excess of $75,000 and diversity of citizenship.

1

the responsibilities of the parties that are highly disputed. These facts will be addressed where appropriate. This case involves an accident that occurred when plaintiff fell from scaffolding while constructing a Lowe's store located in Orangeburg, New York (the "construction site"). (Pollack Dep. at 8, 10, 32-34.) March was the general contractor on the construction site. (Sette Dep. at 6.) CMC subcontracted to perform certain concrete masonry work such as erecting block walls. (Caravella Dep. at 7.) Apparently, Orangeburg owned the land on which the Lowe's store was being built, while Lowe's either owned or was the prospective tenant and developer of the store under construction. (Def. Safway Rule 56.1 Stmt. ¶ 4; Pl. Rule 56.1 Stmt. ¶ 4.)

Plaintiff, a union laborer, was working as a mason tender for CMC. (Pollack Dep. at 6-7.) As a mason tender, Pollack would supply masons building the wall with "block and cement and mud." (*Id.* at 10.) As the wall was being built, scaffolding was erected to allow workers access to greater heights. (*Id.* at 13.) Safway provided CMC with scaffolding for the construction site. (Caravella Dep. at 8.) Apparently, there was no written agreement between Safway and CMC for the scaffolding per se. (*Id.* at 8-10.) However, there were several invoices provided by Safway to CMC outlining the rental terms for the scaffolds. (Def. March Mot. Summ. J., Ex. A.)

On September 25, 2002, plaintiff was working on scaffolding approximately fourteen feet high situated alongside a partially erected back wall. (Pollack Dep. at 16-17, 19, 21.) Plaintiff was working where two completed levels of scaffolding were erected: each approximately six feet high, resting on two-foot high "jack stands." (*Id.* at 19.) A third level was being assembled that had not been completely filled with planks. (*Id.* at 23.) Each level has planks, approximately twelve inches wide, that the workers stand on, with six planks covering the area between the building and the outer edge of the scaffold. (*Id.* at 23-24.) In addition, each frame has metal cross braces and is equipped

with mid railings (or "safety railing"), which run on the side opposite to the wall being built. (*Id.* at 24, 25, 29.) There was a one-by-two pine mid rail where plaintiff was working on the date of the accident. (*Id.* at 25-26, 28.) The workers would construct a section of the wall and, once completed, move the frame to complete the next section of wall. (*Id.* at 24.)

During the afternoon of September 25, 2002, plaintiff was on the scaffolding distributing cement from a large mortar tub. (*Id.* at 31-32.) While facing the building, plaintiff grabbed a shovel of cement to distribute when he lost his balance. He leaned on the safety railing, which gave way, causing him to fall. (*Id.* at 32, 34.) Although there were others present at the site, there were no eye witnesses to the accident. (Kolasa Dep. at 12; Sette Dep. at 13.)

## DISCUSSION

**I.     Motion for Summary Judgment Standard**

Summary judgment may be granted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c)); *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-50 (1986). A fact is material only if, based on that fact, a reasonable jury could find in favor of the nonmoving party. *Anderson*, 477 U.S. at 248. The burden rests on the movant to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding whether summary judgment is appropriate, the court resolves all ambiguities and draws all permissible factual inferences against the movant. *See Anderson*, 477 U.S. at 255. To defeat summary judgment, the nonmovant must go beyond the pleadings and "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The court's role at this stage of the

litigation is not to decide issues of material fact, but to discern whether any exist. *See Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

## II.     New York Labor Law § 240(1)

Section 240(1) of the New York Labor Law, commonly referred to as the scaffold law, provides protection for construction workers who are injured while working in elevated locations. *See Wojcik v. 42nd St. Dev. Project*, 386 F. Supp. 2d 442, 450 (S.D.N.Y. 2005). In pertinent part, this statute provides:

> All contractors and owners and their agents, . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

N.Y. LABOR LAW § 240(1). To prevail under this statute, a plaintiff must demonstrate that the statutory violation was the proximate cause of the sustained injury. *Id.* "The purpose of this section is to provide protection for workers who are subjected to elevation-related risks; the statute achieves this by imposing absolute responsibility for safety practices on owners, general contractors, and their agents, instead of on the workers themselves." *Wilson v. City of New York*, 89 F.3d 32, 36 (2d Cir. 1996). Therefore, this section is to be interpreted liberally. *See Rocovich v. Consol. Edison Co.*, 78 N.Y.2d 509, 513, 583 N.E.2d 932, 577 N.Y.S.2d 219 (1991) ("It is settled that section 240(1) is to be construed as liberally as may be for the accomplishment of the purpose for which it was thus framed" (citations omitted)). Indeed, "[t]he duty is nondelegable and the liability is strict; so long as the violation of the statute was the proximate cause of the worker's injuries, the owner will be

liable even though it exercised no supervision or control over the plaintiff's work." *Id.*

There is no doubt that § 240 is applicable to March. *See Dos Santos v. Terrace Place Realty, Inc.*, 433 F. Supp. 2d 326, 332 (S.D.N.Y. 2006) ("Section 240 applies only to 'elevated related hazards.'"). As the general contractor, March was obligated under § 240(1) to provide plaintiff with proper protection while working on scaffolding. However, neither party has provided the Court with sufficient evidence to demonstrate that Lowe's and Orangeburg were the owners of the property. Other than the Verified Complaint, which alleges that Lowe's was the owner or prospective tenant of the building and that Orangeburg was the owner of the parcel where the Lowe's was being built, there is no support for the assertion that Lowe's and Orangeburg were owners of the construction site. Indeed, Lowe's and Orangeburg in their answers denied ownership. (Def. Lowe's Ans. ¶¶ 1, 3; Def. Orangeburg Ans. ¶¶ 3, 8, 11.) Without such evidence summary judgment would be improper as to Lowe's and Orangeburg.

March asserts that summary judgment should be denied because "[a] triable issue of fact exists . . . as to whether the [p]laintiff removed the railing from the scaffolding before the accident, and therefore, whether [p]laintiff's actions were the sole proximate cause of the accident." (Sato Affm. Opp. ¶ 7.) "Even if the plaintiff was partially at fault, a worker's contributory negligence is not a defense to a Labor Law § 240(1) claim." *Moniuszko v. Chatham Green, Inc.*, 24 A.D.3d 638, 639, 808 N.Y.S.2d 696 (2d Dep't 2005). A defendant may be released from liability "only in cases where it is shown that the worker's actions were the 'sole' proximate cause of the injuries sustained." *Rodriguez v. Biltoria Realty, LLC*, 250 F. Supp. 2d 122, 127 (E.D.N.Y. 2003). Although defendants do not direct the Court to any evidence that would support the assertion that plaintiff was the sole and proximate cause of his own injuries, there is conflicting testimony in the record regarding

5

whether CMC or any of its employees removed railings installed by Safway. (Kolasa Dep. at 24-25, 41-42, 74, 76; Pollack Dep. at 15.)  The proximate cause of plaintiff's injuries is, therefore, a factual issue improper for summary judgment.  Plaintiff's motion for summary judgment on the issue of liability under § 240(1) against March is denied.

**III.**     **New York Labor Law § 241(6)**

Labor Law § 241(6) states, in pertinent part:

All contractors and owners and their agents . . . when constructing . . . buildings . . . shall comply with the following requirements . . .

(6)     All areas in which construction . . . work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places.

This statute requires owners and contractors "to comply with the specific safety rules and regulations promulgated by the Commissioner of the Department of Labor." *Ross v. Curtis-Palmer Hydro-Elec. Co.*, 81 N.Y.2d 494, 501-02, 618 N.E.2d 82, 601 N.Y.S.2d 49 (1993); *see  Handlovic v. Bedford Park Dev., Inc.*, 25 A.D.3d 653, 679, 811 N.Y.S.2d 677 (2d Dep't 2006) ("In order to recover on a cause of action alleging a violation of Labor Law § 241(6), a plaintiff must establish the violation of an Industrial Code provision which sets forth specific safety standards.").  Here, plaintiff alleges a violation of Industrial Code §§ 23-1.5 and 23-1.7. (V. Complt. ¶ 18.)  Similar to § 240(1), the duty under this section is nondelegable and plaintiff need not demonstrate that defendants exercised supervision or control over the worksite in order to recover. *Ross*, 81 N.Y.2d at 502; *see Wojcik*, 386 F. Supp. 2d at 453.

A.     **Plaintiff's Motion for Summary Judgment**

At the outset we note that it is unclear whether plaintiff is seeking summary judgment with respect to the claims under § 241(6). Plaintiff's Notice of Motion indicates that he is seeking relief under Rule 56 of the Federal Rules of Civil Procedure only against March, Lowe's and Orangeburg. The memorandum supporting plaintiff's motion primarily argues for summary judgment on the claims under § 240(1). However, plaintiff asserts in one of the point headings that "Summary Judgment on 240(1) and 241(6) are Routinely Granted as a Consequence of Absent or Improperly Fastened Safety Railings and Other Scaffolding Planking." We will therefore assume for the purposes of this motion that plaintiff is seeking summary judgment on the claims under § 241(6) as well as that under § 240(1). As discussed, there is no evidence offered regarding ownership of the property by Lowe's and Orangeburg. Therefore, to the extent that plaintiff seeks summary judgment against Lowe's and Orangeburg on claims under § 240(1), this motion is denied.

Comparative negligence is a defense to claims raised under § 241(6). *See Wojcik*, 386 F. Supp. 2d at 453 n.12 ("[B]ecause absolute liability is not imposed by proof of a violation of the regulations promulgated under § 241, contributory and comparative negligence are viable defenses to § 241(6) claims. In contrast . . . liability under § 240(1) is absolute, so once plaintiff demonstrates that a violation of § 240(1) is the proximate cause of his injury, no defense can mitigate the defendant's liability.") (internal citations omitted).

As indicated above, March argues that plaintiff may have been responsible for removing the railing which caused his fall. Indeed, CMC's foreman testified that CMC employees regularly removed scaffold railings for convenience. (Kolasa Dep. at 24-25, 41-42, 74, 76.) This evidence is sufficient to raise an issue of fact as to whether plaintiff may have contributed to the cause of his

injuries. Therefore, defendants may have a viable defense to the claims raised under § 241(6), and plaintiff's motion for summary judgment with respect to § 241(6) is denied.

### B.   March, Lowe's and Orangeburg's Motion for Summary Judgment[2]

March, Lowe's and Orangeburg cross move seeking summary judgment against plaintiff on the claims under § 240(1) and § 241(6). As their arguments for summary judgment are the same for both sections of the statute, we will address their motion with respect to both sections together. These defendants assert that they cannot be liable because of the "well established principle of law that a general contractor that does not have the authority and ability to supervise and control the work leading to an accident is not liable for injuries sustained in that accident." (Sato Affm. ¶ 42.) In support of this assertion, March cites *Sarnoff v. Schad*, 22 N.Y.2d 180, 185, 239 N.E.2d 194, 292 N.Y.S.2d 93 (1968), where the Court of Appeals stated "ordinarily a general contractor is not responsible for scaffolding used by an employee of a subcontractor absent any direction to such employee or control over the details of the work." However, in *Sarnoff* the Court of Appeals was addressing a verison of § 240 that had been amended in 1962 and "came to be construed as requiring that an owner or general contractor actually had to have exercised control or supervision before either could be held responsible for the negligent act of others." *Haimes v. N.Y. Tel. Co.*, 46 N.Y.2d 132, 136, 385 N.E.2d 601, 412 N.Y.S.2d 863 (1978). However, the New York State Legislature again amended this section in 1969 to return to the "pre-1962 provisions" providing greater

---

[2] Counsel for March also represents Lowe's and Orangeburg. However, this motion appears to be made only on behalf of March and not on behalf of the other defendants. It is unclear whether this is intentional or a typographical error. To the extent that Lowe's and Orangeburg seek summary judgment on the same basis as asserted here our holding is the same.

protection to workers. Under the 1969 amendment, "an owner no longer need to be the employer of the worker or one directing his labor to be subject to liability." *Id.* The Court of Appeals has consistently held, since the 1969 amendment, that general contractors can be held liable for injuries to workers even if the contractor did not have the authority or ability to supervise or control the work leading to the accident. *See Cahill v. Triborough Bridge & Tunnel Auth.*, 4 N.Y.3d 35, 39, 823 N.E.2d 439, 790 N.Y.S.2d 74 (2004); *Blake v. Neighborhood Hous. Servs. of N.Y.C., Inc.*, 1 N.Y.3d 280, 287, 803 N.E.2d 757, 771 N.Y.S.2d 484 (2003); *Gordon v. E. Ry. Supply, Inc.*, 82 N.Y.2d 555, 559, 626 N.E.2d 912, 606 N.Y.S.2d 127 (1993); *Ross*, 81 N.Y.2d at 500; *Haimes*, 46 N.Y.2d at 136 (finding that the Legislative purpose of amending the statute, "to fix 'ultimate responsibility for safety practices . . . where such responsibility actually belongs, on the owner and general contractor,'" applies with equal force to both § 240 and § 241).[3] Supervision and control is not a requirement under § 241(6) either. *See Allen v. Cloutier Constr. Corp.*, 44 N.Y.2d 290, 300, 376 N.E.2d 1276, 405 N.Y.S.2d 630 (1978) ("[T]he conclusion is inescapable that the change effected by the 1969 legislation was a substantial one, for it fashions absolute liability upon an owner or contractor for breach of the duties imposed by . . . section 241 irrespective of their control or supervision of the construction site."). March is liable to plaintiff regardless of whether it exercised supervision or control over his work, and therefore March, Lowe's and Orangeburg's motion for summary judgment on the claims under §§ 240(1) and 241(6) is denied.

---

[3] We note that § 240 was amended again in 1980 to limit the severity of the strict liability rule holding owners and general contractors absolutely liable. The 1980 amendment carved out an exception for "owners of one or two-family dwellings who contract for but do not direct or control the work." N.Y. LABOR LAW § 240(1). This exception is not applicable here.

## C. Safway's Motion for Summary Judgment on the §§ 240(1) and 241(6) Claims

Safway contends that it cannot be liable under §§ 240(1) and 241(6) because these provisions are limited to "contractors and owners and their agents." Safway asserts that it is not an owner or general contractor and cannot be considered an agent of either because it did not exercise control over the activity producing injury. Indeed, "[o]nly upon obtaining the authority to supervise and control does the third party fall within the class of those having nondelegable liability as an 'agent' under sections 240 and 241." *Russin v. Louis N. Picciano & Son*, 54 N.Y.2d 311, 318, 429 N.E.2d 805, 445 N.Y.S.2d 127 (1981). However, summary judgment is inappropriate where there is an issue of fact regarding whether the scaffold was free from defect when it was erected. *See Keojane v. Littlepark House Corp.*, 290 A.D.2d 382, 383, 736 N.Y.S.2d 664 (1st Dep't 2002) (finding that a scaffold company was not entitled to summary judgment because where the company "furnished and installed the scaffold, and the scaffold's freedom from defect has not been established, [therefore] a factual issue exists as to whether any negligence by [the scaffold company] contributed to the occurrence of the accident"). Moreover, a scaffolding company may be held liable where it has an obligation to continue to inspect the scaffolding. *See Drzewinski v. Atl. Scaffold & Ladder Co.*, 70 N.Y.2d 774, 776-77, 515 N.E.2d 902, 521 N.Y.S.2d 216 (1987) (holding scaffolding company liable to plaintiff under § 240(1) where the scaffolding company specifically "contracted to provide, erect and maintain the scaffolding and other equipment for the safety of those working on the job").

Here, the agreement between Safway and CMC was not a formal, written contract, but rather a series of invoices representing the agreement between the parties. (Caravella Dep. at 8-10; Def. March Mot. Summ. J., Ex. A.) It is not clear whether there was an understanding between the parties

regarding Safway's obligations, if any, to maintain and inspect the scaffold. In addition, there is conflicting testimony regarding the actions of the parties regarding inspection and installation of the railings. The mid rail that gave way in plaintiff's accident was wooden. (Pollack Dep. at 26, 27-29, 108.) Safway asserts that it only installs metal rails and would never install wooden mid rails. (Neubig Dep. at 14, 15-16, 30, 31.) Michael Kolasa, CMC's foreman at the construction site, testified that Safway only installed wooden toe boards and not wooden mid rails. (Kolasa Dep. at 14.) He also testified that CMC did not install the wooden mid rail and that Safway must have done so. (*Id.* at 23, 24.) In addition, CMC and March assert that they did not install their own scaffolding and would not have removed a railing installed by Safway. (*Id.* at 10, 14, 24-25; Sette Dep. at 18-19.) Yet, Kolasa then testified that it was customary to remove rails to bring mortar tubs onto the scaffolds. (Kolasa Dep. at 41-42.) There is also testimony that CMC inspected the scaffolds on the morning of the accident and determined them to be safe. (*Id.* at 33-34; 63-64.) Safway's ongoing role at the construction site is also unclear. There is testimony indicating that there was a Safway foreman, Rafael Medina, on site. (Neubig Dep. at 12; Kolasa Dep. at 33.) However, what his role and responsibilities were is unknown. In fact, there is no indication that he was ever even deposed in this matter. Clearly who installed the rail, the condition of the rail and whether Safway was aware of the condition of the rail are issues of fact rendering summary judgment improper. Therefore, Safway's motion for summary judgment regarding these claims is denied.

**IV.     New York Labor Law § 200**

Section 200 of the Labor Law[4] is the codification of the common law duty placed on landowners and general contractors to maintain a safe work environment.[5] *See Wojcik*, 386 F. Supp. 2d at 455-56. "This rule is an outgrowth of the basic common-law principle that 'an owner or general contractor [sh]ould not be held responsible for the negligent acts of others over whom [the owner or general contractor] had no direction or control.'" *Ross*, 81 N.Y.2d at 505 (citing *Allen*, 44 N.Y.2d at 299) (alterations in original). "An implicit precondition to this duty to provide a safe place to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition." *Russin*, 54 N.Y.2d at 317. A general contractor will be held liable when it exercised supervision or control over the performed work or when it had actual or constructive notice of the dangerous condition. *See Pisciotta v. St. John's Hosp.*, 268 A.D.2d 465, 466, 702 N.Y.S.2d 339 (2d Dep't 2000). Unlike liability under §§ 240(1) and 241(6), there must be evidence that the defendant actually supervised or controlled the work being performed at the time of injury. *See Rizzo v. Hellman Elec. Corp.*, 281 A.D.2d 258, 259, 723 N.Y.S.2d 4 (1st Dep't 2001).

---

[4] This statute states:

> All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places. All machinery, equipment, and devices in such places shall be so placed, operated, guarded, and lighted as to provide reasonable and adequate protection to all such persons.

[5] We will, therefore, analyze the § 200 and common law claims simultaneously and our holding with respect to § 200 will apply with equal force to the common law claims. *See Palen v. ITW Mortgage Invs. III, Inc.*, No. 99 Civ. 3850, 2003 WL 1907980, at *5-6 (S.D.N.Y. Apr. 17, 2003).

March, relying solely on the deposition testimony of its job superintendent, Michael Sette, asserts that: (1) its responsibilities were limited to checking general progress on the construction site; (2) there is no evidence suggesting that it was responsible for safety at the site; (3) there is no evidence to indicate that it inspected the rail in question; and (4) it did not have the authority to approve or disapprove of the subcontractor. Specifically, March asserts that it did not exercise supervision or control over plaintiff's work and that its responsibilities were limited to issues such as "man counts," "walk arounds" and filling out daily reports. (Sette Dep. at 35.) In addition, March asserts that no evidence exists in the record indicating that March was responsible for safety at the construction site. However, CMC's President, Joseph Caravella, testified that March had "safety people and they also ha[d] superintendents on site." (Caravella Dep. at 17.) In addition, both Sette and Kolasa indicated that meetings were held once a week on the job site prior to September 25, 2002, the date of the accident, to discuss ongoing issues that arose including safety concerns. (Sette Dep. at 24-26; Kolasa Dep. at 16-19.) Sette also testified that he observed, on more than one occasion, CMC employees remove braces and safety rails in order to load material. (Sette Dep. at 21.) Although Sette denied that March was responsible for safety on site, he testified that he would inform and make inquiries of the foreman of any unsafe practices or conditions. (*Id.* at 52-53.) March's supervision and notice of the conditions resulting in the accident here are issues of fact not proper for summary judgment.

Safway also seeks summary judgment on the claims against it under § 200 of the Labor Law. As already indicated, *infra*, this section applies to landowners and general contractors; Safway is neither. *See Wojcik*, 386 F. Supp. 2d at 455-56; *Comes v. N.Y.S. Elec. & Gas Corp.*, 82 N.Y.2d 876, 877, 631 N.E.2d 110, 609 N.Y.S.2d 168 (1993). Therefore Safway can only be held liable if it is

determined to be the statutory agent of the contractor or owner on a showing that it controlled the activity which led to the plaintiff's injury. *Russin*, 54 N.Y.2d at 317; *see Lopes v. Interstate Concrete, Inc.*, 293 A.D.2d 579, 741 N.Y.S.2d 73 (2d Dep't 2002). "A prerequisite for liability under Labor Law § 200 is that the party charged with the responsibility to provide a safe work place also have the authority to control the activity producing the injury." *Lopes*, 293 A.D.2d at 579-80 (finding that "the allegation that employees of the defendants built the ladder which caused the plaintiff's fall did not raise a triable issue of fact as to whether the defendants exercised sufficient authority and control over the work which brought about the plaintiff's injury"). "The determinative factor on the issue of control is not whether a subcontractor furnishes equipment but whether he has control of the work being done and the authority to insist that proper safety practices be followed." *Everitt v. Nozkowski*, 285 A.D.2d 442, 443-44, 728 N.Y.S.2d 58 (2d Dep't 2001).

Safway cannot be held liable under this statutory section. There is no evidence proffered to suggest that Safway had any control or supervision over plaintiff's work even though they supplied the scaffolding that he was working on. Therefore, Safway cannot be held liable under this section of the statute and its motion for summary judgment on this issue is granted.

**V.     Indemnification**

Finally, March seeks contractual and common-law indemnification from CMC. Under New York law, where "'a contract is straightforward and unambiguous, its interpretation presents a question of law for the court to be made without resort to extrinsic evidence.'" *LaSalle Bank Nat'l Ass'n v. Nomura Asset Capital Corp.*, 424 F.3d 195, 205 (2d Cir. 2005) (quoting *Postlewaite v. McGraw-Hill, Inc.*, 411 F.3d 63, 67 (2d Cir. 2005)). "Contracts must be read as a whole, and if

14

possible, courts must interpret them to effect the general purpose of the contract." *Postlewaite*, 411 F.3d at 67. "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent. . . . The best evidence of what parties to a written agreement intend is what they say in their writing." *Id.* at 69 (internal quotations omitted). "'However, when the meaning of the contract is ambiguous and the intent of the parties becomes a matter of inquiry, a question of fact is presented which cannot be resolved on a motion for summary judgment.'" *LaSalle Bank*, 424 F.3d at 205 (quoting *Postlewaite*, 411 F.3d at 67).

The contract between CMC and March contains an indemnification provision which provides, in part:

> To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Owner, Contractor . . . from and against claims . . . arising out of or resulting from performance of the Subcontractor's Work under this Subcontract, provided that any such claim . . . is attributable to bodily injury . . . but only to the extent caused by the negligent acts or omissions of the Subcontractor, the Subcontractor's Sub-subcontractors, anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim . . . is caused in part by a party indemnified hereunder.

(Def. March Mot. Summ. J., Ex. G, ¶ 4.6.1.)

By the terms of their agreement, March can seek indemnification against CMC to the extent that CMC is responsible for the acts causing bodily injury. As there are issues of fact regarding liability, we cannot at this time determine who is at fault for plaintiff's accident. However, March can raise a claim of indemnification under the terms of its contract.

Under New York law, "common-law indemnity is barred altogether where the party seeking indemnification was itself at fault, and both tortfeasors violated the same duty to the plaintiff . . . ." *Monaghan v. SZS 33 Assocs., L.P.*, 73 F.3d 1276, 1284-85 (2d Cir. 1996) (citing *Rosado v. Proctor*

& *Schwartz, Inc.*, 66 N.Y.2d 21, 484 N.E.2d 1354, 494 N.Y.S.2d 851 (1985); *see Travelers Indem. Co. v. AMR Servs. Corp.*, 921 F. Supp. 176, 184 (S.D.N.Y. 1996) ("'[A] party which had itself actually participated to some degree in the wrongdoing cannot receive the benefit of the doctrine.'" (quoting *Trs. of Columbia Univ. v. Mitchell/Giurgola Assocs.*, 109 A.D.2d 449, 454, 492 N.Y.S.2d 371, 375 (1st Dep't 1985))). The articulated issues of fact regarding liability of CMC and March preclude summary judgment.

## CONCLUSION

For all of the foregoing reasons, plaintiff Emil Pollack's motion for summary judgment on the claims under New York State Labor Law § 240(1) and § 241(6) against March Associates ("March"), Lowe's Home Centers, Inc. ("Lowe's") and Orangeburg Holdings, LLC ("Orangeburg") is denied. The cross motion of March, Lowe's and Orangeburg for summary judgment is denied. The motion of defendant Safway Steel Products, Inc. for summary judgment is is granted with respect to the New York State Labor Law § 200 claim but denied as to the claims under §§ 240(1) and 241(6). March may seek contribution and indemnification from CMC Concrete Masonry, but its motion for summary judgment on these claims is denied.

SO ORDERED.

Dated: White Plains, New York
       September 29, 2006

*/s/ William C. Conner*
Sr. United States District Judge

16