```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X
EMIL POLLACK,                           :
                                              03 Civ. 4067 (WCC)
              Plaintiff,                :

     - against -                        :     OPINION
                                               AND ORDER
SAFWAY STEEL PRODUCTS, INC., MARCH      :
ASSOCIATES, ORANGEBURG HOLDING, LLC and
LOWE'S HOME CENTERS, INC.,              :

              Defendants.               :
- - - - - - - - - - - - - - - - - - - - X
LOWE'S HOME CENTERS, INC.,              :

         Third-Party Plaintiff,         :

     - against -                        :

CMC CONCRETE MASONRY,                   :

         Third-Party Defendant.         :
- - - - - - - - - - - - - - - - - - - - X
SAFWAY STEEL PRODUCTS, INC.,            :

    Second Third-Party Plaintiff,       :

     - against -                        :

CMC CONCRETE MASONRY,                   :

    Second Third-Party Defendant.       :
- - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

        FELLOWS, HYMOWITZ & EPSTEIN, P.C.
        **Attorneys for Plaintiff**
        254 South Main Street, Suite 400
        New City, New York 10956

STEVEN R. HYMOWITZ, ESQ.

    Of Counsel

        **Copies Mailed to Counsel of Record** _____

**A P P E A R A N C E S :   (continued)**

                              COLUCCI & GALLAHER, P.C.
                              **Attorneys for Defendant/Second
                                Third-Party Plaintiff
                                Safway Steel Products, Inc.**
                              2000 Liberty Building
                              424 Main Street
                              Buffalo, New York 14202

TODD C. BUSHWAY, ESQ.

       Of Counsel

**CONNER, Senior D.J.:**

Plaintiff Emil Pollack brought this action against defendants Safway Steel Products, Inc., ("Safway"), March Associates ("March"), Orangeburg Holding, LLC ("Orangeburg") and Lowe's Home Centers, Inc. ("Lowe's") (collectively, "defendants") for violations of New York State Labor Law §§ 240(1), 241(6) and 200 and claims for common law negligence and strict products liability. Both Lowe's and Safway brought third-party actions against CMC Concrete Masonry ("CMC") for contribution and indemnification. The parties filed motions for summary judgment pursuant to FED. R. CIV. P. 56 and, in an Opinion and Order dated September 29, 2006 (the "Opinion and Order"), we denied each motion in its entirety, except for Safway's motion for summary judgment on plaintiff's claim under New York State Labor Law § 200, which we granted. Safway now "moves for reconsideration" of an issue that was briefed in its opposition to plaintiff's Motion for Summary Judgment, but not addressed in our prior Opinion and Order. Specifically, Safway contends that plaintiff's expert witness, Steven Pietropaolo ("Pietropaolo"), should be precluded from testifying at trial in light of plaintiff's alleged failure to disclose him as an expert as required by FED. R. CIV. P. 16 ("Rule 16")[1] and FED. R. CIV. P. 26(a)(2)(B) ("Rule 26").[2] For the following reasons, its motion is denied.

**BACKGROUND**

The facts relevant to this lawsuit are set forth in detail in our prior Opinion and Order,

---

[1] Rule 16 authorizes the Court to set discovery deadlines after which it may preclude discovery.

[2] Rule 26 requires a party "to disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."

1

familiarity with which is presumed.  In brief, plaintiff was hired by CMC as a mason tender to assist in the construction of a Lowe's home improvement and hardware store.  While distributing cement to masons on a scaffolding, he fell and was seriously injured. Presently, the only question is whether plaintiff complied with the applicable discovery rules in disclosing the identity of its testifying expert witness and, if not, whether that expert should be precluded from testifying at trial.  The relevant facts are as follows.

Culminating in September 2006, the parties engaged in extensive motion practice, including summary judgment motions filed by plaintiff and all defendants.  In support of plaintiff's motion for summary judgment, plaintiff's counsel submitted the affidavit of Pietropaolo, disclosing for the first time his intention to call Pietropaolo as an expert witness.  Pietropaolo is a professional engineer licensed to practice in New York and has served on numerous occasions as an expert in cases involving construction accidents.  (*See* Hymowitz Aff., Ex. A. (Pietropaolo Aff. ¶ 1).)  In his affidavit, Pietropaolo opined that:

> The plaintiff's fall and resulting injuries were due to the lack of a properly designed, installed, and fastened railing system for the subject Sectional Scaffolding provided and installed by Safway. . . . The railing did not conform to the requirements and codes set forth in the Labor Law and Industrial Code of New York State, nor the Federal requirements from OSHA because the system could not support the lateral load from the plaintiff when he touched the rail, and the rail was constructed of a makeshift 1x2 member not properly supported or tied. . . . The Owner and General Contractor did not provide a safe working scaffolding as required by the New York State Labor Law sections 240 and 241, and the Industrial Code of New York State. The Owner and General Contractor did not provide a safe place to work. . . . The scaffolding supplier did not provide, install and erect a proper railing system in accordance with their own specifications and the requirements promulgated by the rules and laws of the New York State Labor Law and Industrial Code . . . . The plaintiff's employer did not provide adequate fall protection safety measures on the job.

(*See* Hymowitz Aff., Ex. A. (Pietropaolo Aff. ¶ 11).)  Attached to Pietropaolo's affidavit was his

2

*curriculum vitae* consisting of six pages, including his educational background, information regarding his professional license, his certifications, the professional development seminars and training sessions that he attended, his professional experience and professional affiliations. (*See id.* (Curriculum Vitae).) Also attached was a detailed list of cases in which Pietropaolo testified as an expert. (*See id.* (Expert Case Testimony).)

Plaintiff had not disclosed to Safway that it had retained Pietropaolo as a testifying expert, as required by Rule 26, prior to the filing of Pietropaolo's affidavit in support of his summary judgment motion, which was on May 24, 2006 – more than two months after the close of expert discovery.[3] Accordingly, in its opposition to plaintiff's motion, Safway requested that the Court preclude plaintiff from offering Pietropaolo's affidavit or testimony.[4] (*See* Bushway 6/2/06 Aff. ¶ 22.) Safway, however, did not file a motion to strike at this time, and its informal request was one of five arguments briefed in its June 2, 2006 affidavit. In our Opinion and Order, we did not rely upon Pietropaolo's affidavit and therefore did not address whether his affidavit should be stricken.

Safway thereafter filed the present motion for reconsideration, requesting that we preclude plaintiff from offering Pietropaolo's testimony at trial due to plaintiff's failure to comply with the discovery deadline and disclosure requirements of Rule 26. Plaintiff, in response, argues that he complied with Rule 26's disclosure requirements and that Safway has ample time to depose

---

[3] The parties agree that, at the October 28, 2005 conference, the Court set a March 15, 2006 deadline for completing expert discovery, but plaintiff suggests that the discovery schedule was never reduced to writing. However, at the Court's request, Safway sent the Court a letter, dated November 2, 2005, with copies to all of the parties, delineating the discovery schedule, including the March 15, 2006 deadline for completing expert discovery.

[4] It is not clear whether Safway was seeking to have the Court strike Pietropaolo's affidavit for purposes of the motions for summary judgment or whether it was asking the Court to preclude him from testifying at trial as well.

Pietropaolo and retain a rebutal witness prior to trial.  We agree with plaintiff.

## DISCUSSION

**I.      Legal Standard**

A motion for reconsideration is governed by Local Rule 6.3[5] and should be granted only when the moving party demonstrates that the court overlooked "controlling decisions or factual matters that were put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 00 Civ. 1898, 2001 U.S. Dist. LEXIS 13886, at *1 (S.D.N.Y. Sept. 7, 2001) (internal quotation marks and citations omitted).  The decision of whether to grant or deny a motion for reconsideration lies within "the sound discretion of a district court judge." *Bennett v. Watson Wyatt & Co.*, 156 F. Supp. 2d 270, 271-72 (S.D.N.Y. 2001) (quoting *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).  The Second Circuit has stated that "the standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) ("'reconsideration of a previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'"

---

[5] Local Rule 6.3 provides: "A notice of motion for reconsideration or reargument of a court order determining a motion shall be served within ten (10) days after the entry of the court's determination of the original motion, or in the case of a court order resulting in a judgment, within ten (10) days after the entry of the judgment.  There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked.  The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion.  No oral argument shall be heard unless the court directs that the matter shall be reargued orally.  No affidavits shall be filed by any party unless directed by the court."

(internal citation omitted)). Accordingly, in the district courts, "reconsideration is . . . narrowly construed and strictly applied so as to avoid repetitive arguments." *Ursa Minor Ltd. v. Aon Fin. Prods., Inc.*, No. 00 Civ. 2474, 2000 U.S. Dist. LEXIS 12968, at *2 (S.D.N.Y. Sept. 7, 2000) (internal quotation marks omitted). However, a court may grant a motion for reconsideration "to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992); *see also Seippel v. Jenkens & Gilchrist, P.C.*, No. 03 Civ. 6942, 2004 U.S. Dist. LEXIS 21589, at *1 (S.D.N.Y. Oct. 26, 2004); *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.*, 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (Conner, J.), *aff'd*, 241 F.3d 135 (2d Cir. 2001) ("Local Civil Rule 6.3 provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice.").

Safway's present motion requests that we reconsider an issue that we did not previously address and thus it is not properly termed a motion for reconsideration. During the previous motion practice, Safway did not file a formal motion to preclude the expert's testimony but merely made an argument to that effect in its affidavit, among several other arguments in opposition to plaintiff's motion for summary judgment. We did not consider the argument to preclude the expert's testimony because it was not necessary to our decision and, consequently, there is no ruling to reconsider.

**II.**   **Rule 26**

Overlooking this procedural defect,[6] Safway's motion must be denied. Safway argues that

---

[6] We will treat Safway's motion as a motion to preclude plaintiff from offering Pietropaolo's testimony at trial.

plaintiff did not comply with Rule 26's disclosure requirements and that it failed to disclose Pietropaolo as its expert until after the close of expert discovery. It contends that if we were to allow Pietropaolo to testify, it would be unduly prejudiced. We disagree.

Rule 26 provides:

[A] party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.

[] Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

In the present case, Pietropaolo's affidavit contained almost all of the information required by Rule 26. Specifically, it stated that Pietropaolo was retained to "review this matter on behalf of the plaintiff and to render an opinion with regard to the general condition of the scaffolding at the time of the accident and whether there were any applicable statutory violations of the New York State Labor Law, OSHA and the New York State Industrial Code." (*See* Hymowtiz Aff., Ex. A. (Pietropaolo Aff. ¶ 1).) It listed the various documents upon which Pietropaolo relied in forming his opinion, including the Verified Complaint, Verified Bill of Particulars, Police Incident Report, Worker's Compensation form C-3, color photographs of the scaffolding, transcripts of the depositions of plaintiff and of Charles Neubig from Safway, Joseph Caravella and Michael Kolasa

from CMC and Michael Sette from March, the contract between March and CMC, Safway's motion for summary judgment, and disclosures by CMC and Safway. (*See id.* (Pietropaolo Aff. ¶ 2).) It also summarized the relevant facts and offered a detailed opinion on the defectiveness of the scaffolding. (*See id.* (Pietropaolo Aff. ¶¶ 3-6).) Lastly, the affidavit outlined the applicable law and concluded, *inter alia*, that "plaintiff's fall and resulting injuries were due to the lack of a properly designed, installed, and fastened railing system for the subject Sectional Scaffolding provided and installed by Safway." (*See id.* (Pietropaolo Aff. ¶¶ 6-11).) *See supra* p. 2. As noted, the affidavit also attached his *curriculum vitae* and a list of cases in which Pietropaolo testified as an expert. (*See id.* (Pietropaolo Aff., *Curriculum Vitae* and Expert Case Testimony).) The only shortcoming, which is not cited by Safway, is the failure to disclose the amount of Pietropaolo's fee.

However, Safway is correct that the discovery deadline for expert depositions was March 15, 2006 and that plaintiff's disclosure was untimely.[7] *See, e.g.*, *Dippel v. Farrell Lines Inc.*, No. 03 Civ. 130, 2004 WL 369140, at *1 (S.D.N.Y. Feb. 27, 2004) ("a party must disclose . . . an expert it has retained at the time directed by the Court.") The Court, however, declines to impose the harsh remedy of exclusion for either plaintiff's delay or the expert's failure to disclose his fee schedule in the report.

FED. R. CIV. P. 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed." As one district court explained:

---

[7] Rule 26(a)(2)(C) provides that disclosures pursuant to Rule 26 are to be made "at the times and in the sequence directed by the court." *See also* FED. R. CIV. P. 16 (authorizing the court to order discovery deadlines).

> This rule provides for the automatic exclusion of a witness who was not disclosed despite a party's duty to disclose. See Advisory Committee Notes, 146 F.R.D. 682, 691 (1993). However, the impact of this exclusion is softened if the offending party's failure to disclose was "substantially justified". Furthermore, even if the failure to disclose was not substantially justified, the exclusion will not apply if the failure was harmless. Courts have held that imposition of Rule 37 sanctions is a "drastic remedy" that should only be applied "in those rare cases where a party's conduct represents *flagrant bad faith* and *callous disregard* of the Federal Rules of Civil Procedure." *Hinton v. Patnaude*, 162 F.R.D. 435, 439 (N.D.N.Y. 1995) (emphasis added); *see also McNerney v. Archer Daniels Midland Co.*, 164 F.R.D. 584 (W.D.N.Y. 1995); *Sterling v. Interlake Ind., Inc.*, 154 F.R.D. 579 (E.D.N.Y. 1994).

*Grdinich v. Bradlees*, 187 F.R.D. 77, 79 (S.D.N.Y. 1999) (emphasis in original). Safway does not assert that plaintiff acted in bad faith, and the interests of justice are better served by permitting plaintiff's expert to testify about the defectiveness of the scaffolding – an issue at the center of this litigation. *See Dippel*, 2004 WL 369140, at *2.

Moreover, Safway will not be prejudiced if we allow Pietropaolo to testify at trial. Safway has known of plaintiff's intention to call him as an expert since March 2006, and if Safway wishes to depose Pietropaolo and/or retain an expert to rebut his testimony, it has ample time to do so prior to the June 25, 2007 trial date. In any event, the parties, with the Court's permission, have not yet completed their expert discovery.[8]

We must emphasize that the discovery period is *not* being re-opened for all purposes; any additional discovery must be limited[9] to the depositions of Pietropaolo and Safway's rebuttal witness, if any, and the required Rule 26 disclosures in connection therewith.[10] All expert

---

[8] Safway has yet to conduct the deposition of Dr. Kenneth Reagles ("Reagles"), plaintiff's vocational rehabilitation consultant.

[9] It is understood that the parties still must conduct the deposition of Reagles as well.

[10] Plaintiff must serve *all* parties with a complete expert report, including information regarding Pietropaolo's fee.

8

disclosures should be served by May 15, 2007 and all depositions should be completed by May 25, 2007.

## CONCLUSION

For the foregoing reasons, defendant Safway Steel Products, Inc. ("Safway")'s motion for reconsideration is denied. Safway may retain an expert witness to rebut plaintiff Emil Pollack's expert witness, Steven Pietropaolo ("Pietropaolo"). All disclosures pursuant to FED. R. CIV. P. 26 in connection with Pietropaolo and Safway's rebuttal witness, if any, must be served by May 15, 2007. All depositions of Pietropaolo and defendant's rebuttal witness, if any, must be completed by May 25, 2007.

Dated: White Plains, New York
       March 30, 2007

_____
Senior United States District Judge

9